IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY LEE BLUDWORTH,

    Petitioner,                   No. CIV S-11-2406 DAD P

    vs.

KATHLEEN ALLISON,

    Respondent.                ORDER

                                  /

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed motions to proceed in forma pauperis. On September 21, 2011, petitioner consented to having a United States Magistrate Judge conduct all further proceedings in this case.

        Examination of the in forma pauperis application, filed on October 13, 2011, and petitioner's trust account statement, filed on September 12, 2011, confirm that petitioner is unable to afford the costs of suit. Accordingly, the October 13 application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a). Petitioner's application to proceed in forma pauperis, filed on October 26, 2011, will be denied as duplicative.

        Petitioner challenges his 1999 judgment of conviction entered in the San Joaquin County Superior Court. Court records reveal that petitioner has previously filed a federal habeas

1

petition challenging this same conviction.[1]  See Bludworth v. Evans, CIV S-08-0451 LKK EFB P.  In that earlier filed case, respondent's motion to dismiss the petition as untimely was granted and the federal habeas action was dismissed on March 26, 2010.

Before petitioner can proceed with the instant application for habeas relief he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider such a second or successive application.  See 28 U.S.C. § 2244(b)(3); see also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. §2244(b)."). Therefore, petitioner's application for federal habeas relief must be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Petitioner has attached to his most recent federal habeas petition, a document styled, "Writ of Error Coram Vobis [sic] Motion To Vacate the Judgement."  (Doc. No. 1 at 8.) To the extent that petitioner seeks to use this common law writ to challenge his state conviction, his petition also fails.  The writ of error coram nobis may only be used to challenge a federal conviction.  See Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 1985) ("The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases."); see also Fegan v. Warden, California State Prison, No. 1:10-cv-01690-JLT HC, 2010 WL 3769129, at *1 (E.D. Cal. Sept. 22, 2010) (citing several cases in which courts have explained that the writ of error coram nobis is unavailable to attack a judgment of conviction entered in state court).  Therefore, petitioner may not proceed with a petition for a writ of error coram nobis.

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's October 13, 2011 application to proceed in forma pauperis (Doc. No. 6) is granted;

2. Petitioner's October 26, 2011 application to proceed in forma pauperis (Doc. No. 7) is denied as duplicative;

3. To the extent that petitioner seeks to proceed with a petition for a writ of error coram nobis, the petition is denied; and

4. This action is dismissed without prejudice as a second and successive petition.

DATED: November 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
blud2406.succ